IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHANEL-MARIE LANG, | CIVIL NO. 24-00245 JAO-WRP |
| Plaintiff, | ORDER DISMISSING ACTION |
| vs. | |
| MICHELLE KANANI LAUBACH, et al. | |
| Defendants. | |

**ORDER DISMISSING ACTION**

On June 7, 2024, pro se Plaintiff Shanel-Marie Lang ("Plaintiff") filed a Complaint titled: "Jurisdiction Court of Law Petition and Request for Emergency Preliminary Injunctive Relief and Petition for Declaratory Judgement & Verified Claim for Damages." ECF No. 1. To the extent Plaintiff, through her Complaint, sought a temporary restraining order pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, the Court denied any such request. ECF No. 3. In doing so, the Court noted that Plaintiff had failed to either provide evidence that she had served any Defendant with the Complaint and summons or filed a waiver of service as to any Defendant pursuant to Federal Rule of Civil Procedure 4. *Id.*

On July 2, 2024, counsel for Defendant Michelle Kanani Laubach ("Judge

Laubach") filed a Waiver of Service of Summons, ECF No. 9, and on August 9, 2024, Judge Laubach filed a motion to dismiss the Complaint with prejudice, ECF No. 11 ("Motion"). Because Plaintiff failed to oppose the Motion, the Court granted it and dismissed all claims against Judge Laubach without leave to amend. ECF 20 ("Order").

In that same Order, the Court noted that Plaintiff had failed to demonstrate compliance with Federal Rule of Civil Procedure 4(m) with regard to the remaining Defendants. *See id.* The Court noted that 90 days had passed since Plaintiff filed her initial Complaint, yet she failed to file either a proof of service or a waiver of service as to any of the other Defendants. *See id.* The Court then noted that Federal Rule of Civil Procedure 4(m) provides that if a defendant has not been served within 90 days after the complaint was filed, the Court must dismiss the action or order that service be made within a specified time. *See id.* (citing Fed. R. Civ. P. 4(m)). Pursuant to Rule 4(m), then, the Court warned Plaintiff that by September 27, 2024 she had to serve, or show good cause for the failure to serve, the Complaint and Summons on the remaining Defendants. *See id.* The Court further warned Plaintiff that failure to do so would result in dismissal of this action for failure to prosecute or otherwise follow a court order. *See id.* (citing Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 4(m); *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001)).

Plaintiff has failed to file anything in response to that Order.[1]  To determine whether to dismiss a case for lack of prosecution or failure to comply with a court order, the court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  The Court finds these factors weigh in favor of dismissal here notwithstanding the policy favoring disposition of cases on their merits.  The Court has repeatedly warned Plaintiff that she is responsible for effecting service and that the failure to do so could result in dismissal of this action.  In light of Plaintiff's continued inaction, dismissal is now appropriate.

//

//

//

//

//

---

[1]  The Court notes that, although the docket reflects that other court orders were returned as undeliverable, *see* ECF Nos. 21, 22, 23, the docket does *not* indicate that the Order setting the September 27, 2024 deadline for Plaintiff to serve the remaining Defendants was returned as undeliverable.  In any event, it is Plaintiff's obligation to ensure her address is up to date.  *See* LR83.1(e).

## **CONCLUSION**

Accordingly, the Court DISMISSES the remaining claims in this action for failure to serve the remaining Defendants.

The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: Honolulu, Hawaiʻi, October 4, 2024.

Jill A. Otake
United States District Judge

CV No. 24-00245 JAO-WRP, *Lang v. Laubach, et al.*, ORDER DISMISSING ACTION